

OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS
JOHN CORNYN

November 2, 2000

Mr. William H. Kuntz, Jr.
Commissioner/Executive Director
Texas Department of Licensing and Regulation
P.O. Box 12157
Austin, Texas 78711

Opinion No. JC-0303

Re: Whether, under section 10 of the Air Conditioning and Refrigeration Contractor License Law, TEX. REV. CIV. STAT. ANN. art. 8861 (Vernon Supp. 2000), a manufacturer, retailer, rebuilder, or installer of manufactured homes must be licensed or registered in order to purchase refrigerants (RQ-0252-JC)

Dear Commissioner Kuntz:

You ask whether, under section 10 of the Air Conditioning and Refrigeration Contractor License Law, TEX. REV. CIV. STAT. ANN. art. 8861 (Vernon Supp. 2000) ("article 8861" or the "Act"), a manufacturer, retailer, rebuilder, or installer of manufactured homes must be licensed or registered in order to purchase refrigerants. We conclude that section 6(f) of article 8861 exempts manufacturers, retailers, rebuilders, and installers of manufactured homes from all of article 8861, including section 10.

Article 8861 vests the Texas Department of Licensing and Regulation (the "Department") with the authority to adopt rules for the practice of air conditioning and refrigeration contracting, to license air conditioning and refrigeration contractors, and to enforce both its rules and the Act. *See id.* §§ 3, 4. "Air conditioning and refrigeration contracting" is defined in article 8861 to mean "to perform or offer to perform the design, installation, construction, maintenance, service, repair, alteration, or modification of a product or of equipment in environmental air conditioning, commercial refrigeration, or process cooling or heating systems." *Id.* § 2(9). Under the Act, a person may not perform air conditioning and refrigeration contracting without a license, unless the person is excepted under section 6, which contains numerous exemptions. *See id.* §§ 3B, 6. Subsection (f) of section 6 exempts manufacturers, retailers, rebuilders, or installers of manufactured homes. *See id.* § 6(f).

Your question concerns the relationship between the exemption provided in subsection (f) of section 6 for manufacturers, retailers, rebuilders, or installers of manufactured homes and section 10. Section 6(f) provides as follows:

> This article does not apply to a person or firm that is licensed
> as a manufacturer, retailer, rebuilder, or installer and regulated

> pursuant to the Texas Manufactured Housing Standards Act (Article 5221f, Vernon's Texas Civil Statutes) and that engages exclusively in air conditioning and refrigeration contracting for manufactured homes provided that the installation of air conditioning components at the site where the home will be occupied is performed by a person licensed under this Act.

*Id.* § 6(f). Section 10 of the Act provides that a person may not purchase refrigerants or equipment containing refrigerants unless the person is licensed under the Act or a municipal ordinance or holds a certificate of registration with the Department. *See id.* § 10(a)-(f). Section 10 contains two exemptions. First, a purchaser may purchase refrigerants "if that person's use is exempt under Section 6(a)(1), (3), (5), (6), or (7) of this Act if the person is authorized to do so under other state or federal law and is not required to provide to a seller evidence of the exemption." *Id.* § 10(g). In addition, section 10 does not apply to persons exempt under section 6(a)(3), (5), or (7). *See id.* § 10(j).

You ask whether section 6(f) exempts manufacturers, retailers, rebuilders, or installers of manufactured homes from all of article 8861, including section 10, or whether the language in section 10 specifically excepting certain persons from its scope preempts the general language in section 6(f).[1] We believe that the former construction of sections 6 and 10 is correct.

Sections 6 and 10 are both part of article 8861. On its face, subsection (f) of section 6 exempts manufacturers, retailers, rebuilders, or installers of manufactured homes from article 8861 in its entirety: "This *article* does not apply to . . . ." TEX. REV. CIV. STAT. ANN. art. 8861, § 6(f) (Vernon Supp. 2000) (emphasis added). This is in contrast to section 6(a), which exempts certain persons from the Act, "[e]xcept as provided by *Section 10 of this Act.*" *Id.* § 6(a) (emphasis added).

Furthermore, no provision in section 10 indicates that the section 6(f) exemption is not applicable to the restrictions regarding the purchase of refrigerants. Although section 10 does provide certain exemptions for persons who fall within section 6(a), that is because, as we have seen, section 6(a) specifically provides an exemption to the Act, "[e]xcept as provided by Section 10." *Id.* These exemptions in section 10 do not suggest that all exceptions from section 10 must be specifically spelled out in section 10 and may not be found elsewhere in article 8861.

In sum, we conclude that manufacturers, retailers, rebuilders, and installers of manufactured homes who are exempted from article 8861 by section 6(f) are not subject to section 10 of article 8861. The section 6(f) exemption is limited to a person or firm that is licensed as a manufacturer, retailer, rebuilder, or installer and regulated pursuant to the Texas Manufactured Housing Standards Act and engages exclusively in air conditioning and refrigeration contracting for manufactured

---

[1]*See* Letter from Mr. William H. Kuntz, Jr., Commissioner/Executive Director, Texas Department of Licensing and Regulation, to Honorable John Cornyn, Texas Attorney General at 2 (June 29, 2000) (on file with Opinion Committee).

homes. *See id.* § 6(f). Furthermore, the exemption does not apply to the installation of air conditioning components at the site where the home will be occupied. *See id.*

Because we believe that the answer to your question is plain from the face of article 8861 and that sections 6 and 10 are not in conflict, we need not examine the statute's legislative history or resort to rules of statutory construction for reconciling conflicting provisions. *See Saint Luke's Episcopal Hosp. v. Agbor*, 952 S.W.2d 503, 505 (Tex. 1997) ("When a statute is clear and unambiguous, courts need not resort to rules of construction or extrinsic aids to construe it, but should give the statute its common meaning. The Legislature's intent is determined from the plain and common meaning of the words used.") (citations omitted). Moreover, the 1998 letter opinion you mention in your query addressing sections 6 and 10 is not relevant. This office issued that letter in February 1998 and later withdrew it.[2] Sections 6 and 10 were significantly amended by the Seventy-Sixth Legislature in 1999.[3] We address your question in light of article 8861 as it is presently written.

Finally, we note that section 10(b) provides that "[e]ach person who purchases, sells, or uses a refrigerant in this state shall comply with the requirements of the federal Clean Air Act and the federal administrative rules adopted under that Act," TEX. REV. CIV. STAT. ANN. art. 8861, § 10(b) (Vernon Supp. 2000), and requires the Department to regulate the use and sale of refrigerants consistent with those requirements, *see id.* It is for the legislature to amend article 8861 if the section 6(f) exemption is broader than that body intended or federal law permits.

---

[2]*See* Letter from Sarah J. Shirley, Chair, Opinion Committee, to Honorable Carlos Truan, Chair, Committee on International Relations, Trade and Technology, Texas State Senate (June 10, 1998) (withdrawing Letter Opinion No. 98-010) (on file with Opinion Committee).

[3]Act of May 26, 1999, 76th Leg., R.S., ch. 7636, 1999 Tex. Gen. Laws 3346; Act of May 21, 1999, 76th Leg., R.S., ch. 849, 1999 Tex. Gen. Laws 3515; Act of May 30, 1999, 76th Leg., R.S., ch. 1407, 1999 Tex. Gen. Laws 4755.

### <u>S U M M A R Y</u>

A person or firm that is licensed as a manufacturer, retailer, rebuilder, or installer and regulated pursuant to the Texas Manufactured Housing Standards Act and engages exclusively in air conditioning and refrigeration contracting for manufactured homes is not subject to section 10 of the Air Conditioning and Refrigeration Contractor License Law. *See* TEX. REV. CIV. STAT. ANN. art. 8861, §§ 6(f), 10 (Vernon Supp. 2000). This exemption does not apply to the installation of air conditioning components at the site where the home will be occupied. *See id.* § 6(f).

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General - Opinion Committee